IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY JOHNSON, | ) | CASE NO. 1:13-cv-01173 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| NEIL TURNER, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Petitioner Larry Johnson ("Petitioner" or "Johnson"), acting *pro se*, filed this habeas

corpus action pursuant to 28 U.S.C. § 2254 ("Petition"). Doc. 1. Johnson challenges the

constitutionality of his conviction and sentence in *State v. Johnson*, Case No. CR-10-544379-A

(Cuyahoga County).  Doc. 1.  Johnson pleaded no contest plea to the indictment, which included

three counts of trafficking (Counts One, Three and Five); two counts of drug possession (Counts

Two and Four); one count of possessing criminal tools (count Six), and one count of having

weapons under a disability (Count Seven).[1]  Doc. 5-2, pp. 1-8, 22-23.[2]   The trial court ordered

forfeiture of three cell phones, cash, and a gun and sentenced Johnson to a total of 13 years.

Doc. 5-2, pp. 22- 23; Doc. 5-4, p. 244.

---

[1] The counts as charged in the indictment included various specifications, including major drug offender specifications, juvenile specifications, firearm specifications and forfeiture specifications.  Doc. 5-2, pp. 1-8.

[2] Page number references refer to the page number for the cited ECF Doc.

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  For the reasons set forth below, the undersigned recommends that the Court **DISMISS** Johnson's Petition (Doc. 1).

## I.     Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual determinations are presumed correct.  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied*, 129 S. Ct. 2878 (2009). The Eighth District Ohio Court of Appeals summarized the facts underlying Johnson's conviction as follows:

> {¶ 2}  On November 16, 2010, Cleveland police responded to a dispatch call reporting shots fired at 3067 W. 47th Street. Several police vehicles arrived at the scene, because the caller reported that the shots were fired from an AK47 assault rifle and that someone was shot inside the house. Dispatch provided additional information over the radio, such as defendant's name as a possible suspect, the involvement of a brown Oldsmobile, and the allegation that more assault rifles were in the house. Also, the address was corrected to 3064—rather than 3067—W. 47th Street.

> {¶ 3}  Police officers surrounded the house, which is a duplex, and Det. John Graves spoke with the woman who lives in the downstairs unit. She stated that defendant had just run from a black vehicle to the upstairs unit where he lives. Police heard noises and saw a light come on upstairs, although there was no answer when they knocked on the door. Dispatch then broadcasted that the caller just reported that there was a dead body and drugs in the house.

> {¶ 4} Based on this information, the police forcibly entered the house to secure the scene. Defendant and two other males were inside. No one was injured, and there was no dead body. There was, however, a strong odor of marijuana. Asked by police, defendant admitted smoking marijuana and stated that there was marijuana in the bedroom. Det. Graves asked defendant if the police could search the house, and defendant consented verbally and in writing. The search revealed marijuana, crack cocaine, powder cocaine, drug manufacturing paraphernalia, and a gun in the house.

*State v. Johnson*, 2012 WL 1067885, * 1 (Ohio App. Ct. Mar. 29, 2012); *see also* Doc. 5-2, pp. 101-102, ¶¶ 2-4.

## II.  Procedural Background

### A.  State conviction

In 2010, a Cuyahoga County Grand Jury indicted Johnson on seven counts, including three counts of trafficking in violation of O.R.C. § 2925.03(A)(2) (Counts One, Three and Five);[3] two counts of drug possession  in violation of O.R.C. § 2925.11(A) (Counts Two and Four);[4] one count of possessing criminal tools in violation of O.R.C. § 2923.24(A) (Count Six);[5] and one count of having weapons under a disability in violation of O.R.C. § 2923.13(A)(2) (Count Seven).[6] Doc. 5-2, pp. 1-8.

Initially, Johnson pleaded not guilty to the indictment.  Doc. 5-2, p. 9.  Through counsel, on February 4, 2011, Johnson filed a motion to suppress and exclude as evidence all property seized in the warrantless search of his home.  Doc. 5-2, pp. 10-13.  Johnson argued that the police officers lacked probable cause and exigent circumstances for the search of his property.[7] Doc. 5-2, pp. 10-13.  The State opposed the motion to suppress arguing that there were exigent circumstances for the entry into Johnson's home and that the police had also obtained Johnson's consent to conduct a search.  Doc. 5-2, pp. 14-20.  The trial court conducted a suppression hearing (Doc. 5-4, pp. 2-174) and, on June 15, 2011, the trial court denied Johnson's motion to

---

[3] Counts One, Three and Five all included juvenile specifications, firearm specifications and forfeiture specifications.  Doc. 5-2, pp. 1-8.  Count One also included a major drug offender specification.  Doc. 5-2, p. 1.

[4] Counts Two and Four each included firearm and forfeiture specifications.  Doc. 5-2, pp. 2-3, 5.  Count Two also included a major drug offender specification.  Doc. 5-2, p. 2.

[5] Count Six included forfeiture specifications.  Doc. 5-2, p. 7.

[6] Count Seven included a forfeiture specification.  Doc. 5-2, p. 8.

[7] During the suppression hearing, Johnson's counsel also argued that Johnson's consent was not voluntary.  Doc. 5-5, p. 5.

suppress, finding that the entry into Johnson's home occurred under exigent circumstances (Doc. 5-4, p. 179) and that, once the police determined that there was no injured or dead body, the police asked Johnson to sign a consent to search form and Johnson voluntarily signed the consent form and that his consent was not coerced (Doc. 5-4, pp. 179-181).  Doc. 5-2, p. 21; Doc. 5-4, pp. 175-183.

On June 20, 2011, Johnson withdrew his not guilty plea and entered a plea of no contest to all counts in the indictment.  Doc. 5-2, pp. 22-23, Doc. 5-4, pp. 184-222, 240-241.  The trial court then made findings of guilt on each of the counts and sentenced Johnson to a total of 13 years.[8]  Doc. 5-2, pp. 22-23; Doc. 5-4, pp. 239-244.   The trial court ordered Johnson to forfeit to the State three cell phones, cash, and the gun.  Doc. 5-2, p. 22.

## B.    Direct appeal

On June 29, 2011, Johnson, through counsel,[9] filed a Notice of Appeal in the Eighth District Court of Appeals.  Doc. 5-2, pp. 24-43.  On October 24, 2011, Johnson filed his Assignments of Error and Brief (Doc. 5-2, pp. 44-68) wherein he raised the following three assignments of error:

> I.     The court erred when it denied the appellant's motion to suppress and exclude illegally seized evidence.

> II.    The court erred and due process was offended when it denied the motion for return of illegally seized property.

---

[8] For purposes of sentencing, the trial court merged Count Two with Count One and Count Four with Count Three. Doc. 5-2, p. 23; Doc. 5-4, pp. 241-242. The trial court sentenced Johnson to 10 years on Count One with an additional 1 year on the firearm specification; 5 years on Count Three with an additional 1 year on the firearm specification; 12 months on Count Five with an additional 1 year on the firearm specification; 6 months on Count Six; and 2 years on Count Seven.  Doc. 5-2, p. 23; Doc. 5-4, pp. 239-244.  The trial court merged all the firearm specifications for purposes of sentencing.  Doc. 5-2, p. 23; Doc. 5-4, pp. 243-244.  The sentences on Counts One, Three, Five, and Six ran concurrent with each other and the sentence on Count Seven ran consecutive with those Counts for a total of 13 years, including the sentence for the firearm specifications.  Doc. 5-2, p. 23; Doc. 5-4, p. 244.

[9] At sentencing, the trial court assigned new counsel to serve as appellate counsel.  Doc. 5-4, p. 245.  However, Johnson proceeded with his direct appeal with trial counsel serving as his appellate counsel.

III.    The court erred when, without a factual basis it forfeited all property seized from the accused.

Doc. 5-2, pp. 56-66.  The State filed its appellate brief on December 15, 2011.  Doc. 5-2, pp. 69-84.  On January 9, 2012, Johnson filed a Reply brief.  Doc. 5-2, pp. 85-98.  On March 29, 2012, the Eighth District Court of Appeals affirmed the judgment of the trial court.  Doc. 5-2, pp. 99-111; *State v. Johnson*, 2012 WL 1067885 (Ohio App. Ct. Mar. 29, 2012)

On May 4, 2012, Johnson, through counsel,[10] filed a Notice of Appeal and Memorandum in Support of Jurisdiction in the Supreme Court of Ohio.  Doc. 5-3, pp. 1-33.  In his Memorandum in Support of Jurisdiction, Johnson raised the following three propositions of law:

I.    Standing alone an anonymous tip provided the police that identifies an individual and his residence, and which accuses him (by name) of firing shots from his residence with an AK47 and that claims there was a body inside, was insufficient to justify a warrantless entry and search under the "exigent circumstances doctrine."

II.    A consent to search is not automatically validated by the fact that *Miranda* warnings were given if they were proceeded by an illegal search and/or illegal arrest.

III.    When a criminal prosecution is terminated with (or without) a conviction, at that point the person from whom property was seized has a right to its return, and this is so unless it is proven the property is forfeitable as contraband, or the state has a legitimate right not to return the property from whom it was taken.

Doc. 5-3, pp. 13-21.  On May 9, 2012, the State filed a Waiver of Memorandum in Response.

Doc. 5-3, p. 34.  On July 5, 2012, the Supreme Court of Ohio declined jurisdiction to hear

Johnson's case and dismissed his appeal as not involving any substantial constitutional question.

Doc. 5-3, p. 35.

---

[10] Trial counsel continued to represent Johnson and filed the Notice of Appeal and Memorandum in Support of Jurisdiction in the Supreme Court of Ohio.

On October 29, 2012, acting *pro se*, Johnson filed a petition for writ of certiorari in the Supreme Court of the United States.  Doc. 5-3, pp. 36-90.  In his petition for writ of certiorari, Johnson presented the following questions:

1. Under the facts of this case an unknown caller to the police conjured up exigent circumstances, inciting police to believe a crime was afoot. In these instances the Petitioner would ask the Justices of this court if police are *obligated* to verify or corroborate the information they received when arriving at the scene?

2. When a tipster does not provide supporting evidence of how he has knowledge of an alleged crime, and the police cannot find any evidence to support probable cause when they arrive on the scene, is a warrantless, forced entry legal or would it violate the resident's Fourth Amendment right to be free from unreasonable searches and seizures?

3. When police are making forced entry into a home, based on information they believe tentatively supports a possible exigent circumstance, a protective sweep of a home is legal.  However, during that exploratory search of the property if they determine that no emergency exists, (the information provided by a tipster is false) should all contact and continued investigatory questioning with the resident of the home end absent new evidence or probable cause for some other felony, discovered during the initial protective sweep?  Or, does continued detention of the resident constitute an illegal seizure?

4. Can a person give *voluntary* consent to a search of his home where the attenuation from the first search has not been broken because the suspect was never free to go?

5. Does a report of drugs and weapons at a person's home, standing alone and lacking credible proof, produce a reasonable belief of probable cause to permit a warrantless search and arrest?

6. If a search incident to arrest is legal, does a request by police for the suspect to consent to a search after he is arrested and while he is still in custody undermine the legality of the first search and arrest?

Doc. 5-3, p. 43.  On January 14, 2013, the United States Supreme Court denied Johnson's petition for writ of certiorari.  Doc. 5-3, p. 91.  On February 5, 2013, Johnson filed a petition for

rehearing for a writ of certiorari with the United States Supreme Court (Doc. 5-3, pp. 92-96)

presenting one question:

> Exigent circumstances authorizes a substantial invasion of the privacy of the persons residence, does the protective sweep become more, causing an intrusive search of the premise, exploiting, duress, and ignorance by coercion, to gain more information, and consent when the exigent or emergency circumstances dissipates.

Doc. 5-3, p. 94.   On March 4, 2013, the United States Supreme Court denied Johnson's petition

for rehearing.  Doc. 5-3, p. 97.

**C.**     **Federal Habeas Corpus**

On May 24, 2013, Johnson, acting *pro se*, filed his Petition asserting three grounds for

relief (Doc. 1), which are set forth and discussed below in Section III.C.  On July 30, 2013,

Respondent filed a Return of Writ.  Doc. 5.  On October 11, 2013, Petitioner filed a Traverse.

Doc. 8.  On October 24, 2013, Respondent filed a Reply (Doc. 9) and, on May 27, 2014,

Petitioner filed a Sur-Reply (Doc. 11).[11]

### III.     Law and Analysis

**A.**     **Standard of Review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.

104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the

AEDPA.[12]  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling

AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

---

[11] On December 19, 2014, the Court granted Petitioner leave to file the sur-reply contained in Petitioner's Response to Respondent's Reply (Doc. 11).  Doc. 17.

[12] The AEDPA statute of limitations for filing a petition for a writ of habeas corpus is one year and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1).  The statute of limitations has not been raised as an issue in this case.

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'"  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).  "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'"  *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413).  "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous."  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  "The state court's application of clearly established law must be objectively unreasonable."  *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)

(Stevens, J., concurring in judgment)).  In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The petitioner carries the burden of proof.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

## B.  Procedural Barriers

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court.  28 U.S.C. § 2254(b)(1)(A).  A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action.  28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Additionally, a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court.  *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006).  "Procedural barriers, such as . . . rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v. United States*, 532 U.S. 374, 381 (2001).  Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  Failure to exhaust applies where state remedies are "still

available at the time of the federal petition."  *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).  In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies.  *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways.  *Williams*, 460 F.3d at 806.  First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court."[13] *Id.*  Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'"  *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also  Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure to present a claim to a state court of appeals constituted a waiver).   "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted."  *Williams*, 460 F.3d at 806.  While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, see *Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review.  *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a

---

[13] In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error.

fundamental miscarriage of justice if the claims are not considered.  *Coleman*, 501 U.S. at 750.

"'[C]ause' under the cause and prejudice test must be something external to the petitioner,

something that cannot be fairly attributed to him."  *Id.* at 753.  "[T]he existence of cause for a

procedural default must ordinarily turn on whether the prisoner can show that some objective

factor external to the defense impeded counsel's efforts to comply with the State's procedural

rule."  *Id.*   "A fundamental miscarriage of justice results from the conviction of one who is

'actually innocent.'"  *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v.

Carrier*, 477 U.S. 478, 496 (1986).

## C.    Grounds for relief

### 1.  Ground One is not cognizable

**Ground One**: Fourth Amendment violations

> **Supporting Facts**:  Standing alone an anonymous tip provided the police that
> identifies an individual and his residence, and which accuses him by name of
> firing shots from his residence with an AK-47, and claims that a body was inside,
> was insufficient to justify a warrantless entry and search under the "exigent
> circumstances doctrine."

Doc. 1, p. 5.

In Ground One, Johnson claims a violation of the Fourth Amendment and seeks federal

habeas review of the state court's determination that, because exigent circumstances existed and

Johnson consented to the search, suppression of evidence obtained during the search of

Johnson's premises was not warranted.  The Supreme Court has held, "that where the State has

provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner

may not be granted federal habeas corpus relief on the ground that evidence obtained in an

unconstitutional search or seizure was introduced at his trial."  *Stone v. Powell*, 428 U.S. 465,

494 (1976).   In *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982), the Sixth Circuit "developed a

two-step inquiry in assessing whether *Stone* applies to preclude federal habeas review of Fourth Amendment claims." *Shepherd v. Warden, Pickaway Correctional Inst.*, 2011 WL 3664442, * 6 (S.D. Ohio May 31, 2011), *report and recommendation adopted*, 2011 WL 3652615 (S.D. Ohio Aug. 18, 2011).  First, "the district court must determine whether the state procedural mechanism in the abstract, presents the opportunity to raise a fourth amendment claim." *Riley*, 674 F.2d at 526.  "Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism."  *Id.*  The Sixth Circuit more recently clarified that "the *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim."  *Enyart v. Coleman*, 29 F.Supp.3d 1059, 1087 (N.D. Ohio Jul. 11, 2014) (discussing and quoting *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013). Thus, when considering whether a petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim, the Sixth Circuit directs that a court ask: "Did the state courts permit the defendant to raise the claim or not?"  *Id.* (quoting *Good*, 729 F.3d at 640).

With respect to the first inquiry under *Riley*, Ohio has a mechanism in place for resolving Fourth Amendment claims.  It provides a defendant, such as Johnson, the opportunity to file a pretrial motion to suppress and the opportunity to take a direct appeal from the denial of the motion to suppress.  *See Riley*, 674 F.2d at 526 (finding that Ohio criminal and appellate rules provide adequate procedural mechanisms for litigation of fourth amendment claims).  With respect to the second inquiry under *Riley*, there is no indication that Johnson's presentation of his Fourth Amendment claim was frustrated by a failure of Ohio's procedural mechanism.  *See e.g.,* *Pierce v. Bunting*, 2014 WL 5517256, * 7 (N.D. Ohio Oct. 31, 2014).  The record clearly shows that Johnson had a full and fair opportunity to litigate his Fourth Amendment claims in state

court.  In state court, prior to entering his plea of no contest, pursuant to Ohio R. Crim. P. 12, Johnson's counsel filed a motion to suppress.  Doc. 5-2, pp. 10-13.  The State filed a brief in opposition.  Doc. 5-2, pp. 14-20.  Following submission of motion and brief in opposition, on June 2, 2011, and June 6, 2011, the trial court held a hearing on Johnson's motion to suppress.  Doc. 5-4, pp. 2-174.  During the motion to suppress hearing, Johnson, through counsel, had the opportunity to call, examine and cross-examine witnesses and present argument.  Doc. 5-4. pp. 2-174.  Following the motion to suppress hearing, the trial court stated "I've heard your arguments.  I've heard all of the testimony.  I'm going to look at your motions, and read the case law, and I will give you a ruling soon.  I can't give you a definite time frame."  Doc. 5-4, pp. 173-174.  On June 15, 2011, the trial court in open court denied Johnson's motion to suppress.  Doc. 5-4, pp. 175-181.  The trial court's order denying Johnson's motion to suppress was journalized on that same date.  Doc. 5-2, p. 21.  Following his no contest plea, Johnson, through counsel, challenged the trial court's denial of his motion to suppress in his direct appeal.  Doc. 5-2, pp. 56-65.  The Eighth District Court of Appeals considered Johnson's assignments of error regarding the alleged unconstitutional search and seizure and affirmed the trial court's judgment.  Doc. 5-2, pp. 99-111.  Johnson, through counsel, appealed to the Supreme Court of Ohio.  Doc. 5-3, pp. 1-33.  The Supreme Court of Ohio declined jurisdiction.  Doc. 5-3, p. 35.   Johnson, acting *pro se*, filed a petition for writ of certiorari in the United State Supreme Court raising issues related to the search of his premises. Doc. 5-3, pp. 42-90.  The United States Supreme Court denied Johnson's petition for writ of certiorari (Doc. 5-3, p. 91) as well as Johnson's subsequent petition for rehearing for a writ of certiorari (Doc. 5-3, pp. 92-97; Doc. 5-3, p. 98)).

       The foregoing demonstrates that Johnson had a full and fair opportunity to and did present his Fourth Amendment claims.  Further, Johnson fails to identify anything in the state

court record to suggest that his ability to present his Fourth Amendment claims was frustrated as a result of the state court's process for presentation of his claims.  Thus, federal habeas review of Johnson's first ground or relief is barred by *Stone*.

Relying on *Abdul-Mateen v. Hofbauer*, 2000 U.S. App. LEXIS 11788, 2000 WL 687653 (6th Cir. 2000), Johnson argues that the *Stone* bar does not apply because there was an "egregious error" made by the state courts in applying Fourth Amendment law.  Doc. 8, pp. 4, 13-14.  In *Abdul-Mateen*, the Sixth Circuit indicated that, "absent proof of 'egregious error in the application of fourth amendment principles,'" the second inquiry under *Riley* is a review as to whether the state provided an adequate mechanism for resolution of Fourth Amendment claims. 2000 WL 687653, * 3 (relying on *Riley*, 674 F.2d at 526).   While the Sixth Circuit may have suggested in *Abdul-Mateen* that *Riley* set forth a possible exception to the *Stone* bar, i.e., where there is an "egregious error" in applying Fourth Amendment principles, the Sixth Circuit noted that "[t]he inquiry is not meant to be a case by case review of state court determinations."  *Id.*

Further, the Sixth Circuit, in a decision following *Riley*, rejected an argument that an egregious misapplication of controlling Supreme Court precedent could justify reaching the merits of a Fourth Amendment claim on habeas review reasoning that "This court in *Riley* declined to adopt the portion of *Gamble*[*v. Oklahoma*, 583 F.2d 1161 (10th Cir. 1978)] permitting federal review of egregious substantive errors committed by state courts on Fourth Amendment claims . . . Since the Kentucky courts provided Gilbert with a full and fair opportunity to litigate his Fourth Amendment claims, second-guessing the Kentucky Supreme Court on the merits would be inconsistent with *Stone*."  *See Gilbert v. Parke*, 763 F.2d 821, 824 (6th Cir. 1985); *see also Blevins v. Rogers*, 2010 WL 649097, * 2, n. 1 (N.D. Ohio Feb. 19, 2010) (indicating that the Sixth Circuit in *Riley* rejected the approach used in *Gamble v.*

14

*Oklahoma*, 583 F.2d 1161 (10th Cir. 1978) as "inconsistent with *Stone's* assumption that state

courts are as capable of deciding fourth amendment issues as federal courts");  *Bergholz v.*

*McMackin*, 921 F.2d 276, * 3 (6th Cir. 1990) (per curiam) ("A federal court in a habeas

proceeding should not second guess the state court if a full and fair opportunity to present a

Fourth Amendment claim is provided to the habeas petitioner.") (citing *Gilbert*, 763 F.2d at

824); *Scola v. Haskell*, 7 F.3d 235, * 2 (6th Cir. 1993) (unpublished) ("A state prisoner may not

seek habeas relief in 28 U.S.C. § 2254 proceeding on a claim of illegal search and seizure if he

had a full and fair opportunity to raise the claim in the state courts and presentation of the claim

was not thwarted by any failure of the state's corrective process.") (citing *Stone*, 428 U.S. at 494-

495 and *Gilbert*, 763 F.2d at 823-824)).  Here, it is clear that Johnson was afforded a full and fair

opportunity to litigate his Fourth Amendment claims in state court and the state courts fully

considered his Fourth Amendment claims.  Accordingly, second-guessing or reviewing the

merits of the state courts' resolution of Johnson's Fourth Amendment claims would be

inconsistent with and is precluded by *Stone*.

Johnson also claims that *Stone's* bar to federal habeas review of Fourth Amendment

claims was rendered obsolete by the passage of AEDPA and that his Fourth Amendment claims

are therefore not barred from review but rather are subject to review under the standards set forth

in 28 U.S.C. § 2254(d).  Doc. 11, pp. 1-3 (relying on *Carlson v. Ferguson*, 9 F.Supp.2d 654

(S.D. W.V. Mar. 16, 1998)).[14]  Numerous courts, however, have rejected similar arguments and

have continued to apply *Stone* as good law.  *See Shepherd v. Warden, Pickaway Correctional*

*Inst.*, 2011 WL 3664442, * 6 (S.D. Ohio May 31, 2011), *report and recommendation adopted*,

---

[14] Johnson also cites *Lawhorn v. Allen* (CA 4, 2008) 519 F.3d 1272 in support of his arguments.  Doc. 11, p. 3.
While Johnson's citation appears to reference a case out of either California or the 4th Circuit, i.e., (CA 4), the
federal reporter citation provided by Johnson, i.e., 519 F.3d 1272, relates to a case out of the 11th Circuit, i.e.,.
*Lawhorn v. Allen*, 519 F.3d 1272 (11th Cir. 2008).

2011 WL 3652615 (S.D. Ohio Aug. 18, 2011) (rejecting petitioner's claim that Congress overrode *Stone* in enacting the AEDPA amendments); *see Blevins v. Rogers*, 2010 WL 649097, * 2 (N.D. Ohio Feb. 19, 2010) ("The holdings of *Stone* and *Riley* are still valid under the revised habeas standards of AEDPA."); *Ewell v. Scribner*, 2011 WL 386954, * 28-29, (E.D. Ca. Feb. 3, 2011), *affirmed*, 490 Fed. Appx. 891 (9th Cir. 2012) (discussing cases that have continued to apply *Stone* after the enactment of AEDPA and rejecting petitioner's reliance upon *Carlson* and *Lawhorn* as a basis for finding that *Stone* was no longer applicable after the enactment of AEDPA). Thus, the undersigned finds Johnson's arguments and reliance upon the non-binding cases he cites unpersuasive.

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground One as not cognizable on federal habeas review.

### 2. Ground Two is not cognizable

**Ground Two**: Due Process Violation When a criminal prosecution is terminated with or without a conviction.

**Supporting Facts**: When a criminal prosecution terminates with or without a conviction the property that was illegally seized should be returned to the owner, unless it is proven the property is forfeitable as contraband or the state has a right not to return the property.

Doc. 1, p. 7.

Although framed as a due process violation, in Ground Two Johnson does not challenge his custody; rather, he challenges the state's forfeiture of his assets during his criminal proceedings. "Under 28 U.S.C. § 2254(a), a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Smith v. White*, 2012 WL 3961233, * 18 (W.D. Ky. Aug. 7, 2012), *report and*

*recommendation adopted*, 2012 WL 3947609 (W.D. Ky. Sept. 10, 2012) (quoting 28 U.S.C. § 2254(a)).  Thus, since Johnson's challenge to the forfeiture of his assets is not a challenge to the legality of his *custody* under the federal Constitution, laws or treaties of the United States, Ground Two is not cognizable in federal habeas review.  *Id.*at *18-19 (concluding that petitioner's claim relating to the forfeiture of his personal property was not properly brought in a § 2254 proceeding); *see also McGee v. United States*, 2010 WL 310770, * 6 (W.D. Mich. Jan. 21, 2010) ( "[f]orfeiture sentences are not cognizable in § 2255 proceedings" because granting relief as to petitioner's challenges to the forfeiture sentence would not impact his confinement); *see also U.S. v. Collier*, 2011 WL 1882401, * 11 (E.D. Ky. Jan. 11, 2011), *report and recommendation adopted*, 2011 WL 1882395 (E.D. Ky. May 17, 2011) ("[A] § 2255 petition may not be used to challenge penalties merely collateral to imprisonment, such as fines and forfeiture of property.") (internal citations omitted); *see also Tamayo v. United States*, 2011 U.S. Dist. LEXIS 65171, *3 (N.D. Tex. Apr. 22, 2011), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 61140 (N.D. Tex. June 7, 2011) (finding petitioner's illegal forfeiture claim not cognizable in federal habeas review in a § 2255 proceeding because "a challenge to the forfeiture of assets does not go to the validity of a defendant's conviction or sentence").

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground Two as not cognizable on federal habeas review.

### 3.    Ground Three is procedurally defaulted

**Ground Three**: Ineffective assistance of counsel.

**Supporting Facts**: Petitioner was represented by the same counsel on appeal as he had at trial.

Doc. 1, p. 8.

Johnson does not make clear in his Petition whether he is arguing ineffective assistance of trial counsel, appellate counsel, or both. In his Traverse, Johnson argues, under *Strickland v. Washington*, 466 U.S. 668 (1984), that his trial counsel provided ineffective assistance of counsel during the suppression hearing.[15] Doc. 8, pp. 16-19. Respondent contends that Ground Three is procedurally defaulted because Johnson never presented a claim of ineffective assistance of counsel to the state courts and is unable to demonstrate cause or prejudice to excuse the procedural default or a fundamental miscarriage of justice. Doc. 5, pp. 16-17. Johnson acknowledges that he did not present the claim contained in Ground Three to the state courts. Doc. 1, pp. 8-9.

Since Johnson never presented his ineffective assistance of trial counsel claim at any level of the state court proceedings and has not demonstrated that state court remedies remain available to him to raise the claim of ineffective assistance of trial counsel, Ground Three is barred from federal habeas review unless he can overcome the procedural default. *See O'Sullivan*, 526 U.S. at 847-848 (finding that petitioner's failure to present his federal habeas claims to the state's highest court in a timely fashion constituted procedural default of those claims); *Williams*, 460 F.3d at 806 ("If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted."); *Baston*, 282 F.Supp.2d at 661 ("Issues not presented at each and every level cannot be considered in a federal habeas corpus petition").

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a

---

[15] Also, in a conclusory statement, he states that "habeas relief should be granted in light of trial and appellate counsels refusal to subpoena the officers who performed the initial illegal search." Doc. 8, p. 19.

procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.*  "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The only apparent justification offered by Johnson for failing to raise Ground Three in state court is: "Trial Counsel was the same as appellate counsel.  Petitioner asserts this is a conflict of interest and ineffective assistance."  *See* Doc. 1, p. 9 (Johnson's response in his Petition to the question "If you did not exhaust your state remedies on Ground Three, explain why?.  To the extent that the foregoing statement is an attempt by Johnson to argue that his procedural default should be excused because of ineffective assistance of appellate counsel, his argument is futile because he failed to present a claim of alleged ineffective assistance of appellate counsel to the state court.[16]  Therefore, he may not rely on an alleged claim of ineffective assistance of counsel as "cause" to excuse his procedural default of Ground Three. *Edwards v. Carpenter*, 529 U.S. 446, 451-454 (2000) (a claim of ineffective assistance of counsel asserted as cause to excuse the procedural default of another claim can be procedurally defaulted); *see also Dixon v. Hudson*, 2008 WL 540905, * 5 (N.D. Ohio Feb. 25, 2008) ("[A] claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).

Since Johnson has not established sufficient cause, it is not necessary to address the prejudice prong.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).   Additionally, Johnson has

---

[16] Indeed, rather than challenging his appellate counsel's conduct in his direct appeal to the Supreme Court of Ohio or through an Ohio App. R. 26(B) application, Johnson continued to allow that same counsel to represent him in his appeal to the Eighth District Court of Appeals and in his appeal to the Supreme Court of Ohio.

failed to demonstrate actual innocence so as to show that there would be a fundamental miscarriage of justice if his defaulted claims were not considered.  *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) ("A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'") (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *see also Taylor v. Kelly*, 2014 WL 4436595, * 8 (N.D. Ohio Sept. 9, 2014) ("Actual innocence means factual innocence, not merely legal insufficiency.") (internal citations omitted).

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground Three as procedurally defaulted.

## IV.    Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DISMISS** Johnson's Petition (Doc. 1).

Dated: May 20, 2015

Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).