PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY JOHNSON, | ) | |
| | ) | CASE NO. 1:13CV01173 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NEIL TURNER, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER**  [Resolving ECF No. 20] |

Pending before the Court is Petitioner Larry Johnson's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a Return of Writ. ECF No. 5. United States Magistrate Judge Kathleen B. Burke prepared a report in accordance with 28 U.S.C. § 636(b)(1)(B) and recommended the petition be dismissed. ECF No. 18. Petitioner filed an objection to the magistrate judge's report and its recommendations. ECF No. 20. The Court has reviewed the above filings, the relevant portions of the record, and the governing law. For the reasons provided below, the Court overrules Petitioner's objection and adopts the report and recommendations of the magistrate judge.

**I. Factual and Procedural History**

The Report and Recommendation ("R&R") recites the relevant factual and procedural history from the record, and the Court adopts that portion of the R&R in its entirety. ECF No. 18, PageID #: 587-91.

(1:13CV1173)

As a brief background, on November 16, 2010, Cleveland police officers responded to a dispatch call reporting shots fired at a residence.  After the police arrival, dispatch broadcasted that the caller had just reported that there was a dead body and drugs at the residence.  The police officers forcibly entered the residence and saw no dead body or injured person.  Petitioner was inside the residence with two other males.  Because of a strong odor of marijuana, the police officers asked Petitioner if they could search the residence.  Petitioner agreed verbally and in writing.  The search revealed marijuana, crack cocaine, powder cocaine, drug manufacturing paraphernalia, and a gun in the house.  ECF No. 18, PageID#: 586 (quoting the summary provided by the Eight District Ohio Court of Appeals in *State v. Johnson*, 2012 WL 1067885, *1 (Ohio App. Ct. Mar. 29, 2012)*; see also* ECF No. 5-2, PageID#: 155-56, ¶¶ 2-4.

A grand jury indicted Petitioner on various state law charges.  Petitioner filed a motion to suppress any evidence obtained from the search of his residence.  He argued that the police officers lacked probable cause and exigent circumstances for the search.  The State opposed.  After conducting a suppression hearing, the trial court denied Petitioner's motion, finding that the entry into Petitioner's residence occurred under exigent circumstances.  Subsequently, Petitioner entered a plea of no contest and was sentenced to a total of 13 years. ECF No. 18, PageID#: 587-88.

The Court of Appeal for the Eight Appellate District affirmed the trial court's denial of the motion to suppress, stating that "the court's determination that exigent circumstances existed and defendant consented to the search is supported by competent and credible evidence." ECF No. 5-2, PageID #: 163.  On July 5, 2012, the Supreme Court of Ohio declined jurisdiction to

2

(1:13CV1173)

hear the case and dismissed the appeal as not involving any substantial constitutional question. Petitioner filed for a writ of certiorari in the Supreme Court of the United States. It was denied. Petitioner subsequently filed a petition for rehearing for a writ of certiorari, which was also denied. Petitioner filed the instant habeas petition on May 24, 2013. ECF No. 18, PageID#: 588-91. Petitioner objects only to the magistrate judge's determination regarding his Fourth Amendment claim, the first ground for relief in his habeas petition.

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id.*

3

(1:13CV1173)

(citing *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).  The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

### III.  Standard of Review for Habeas Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see also Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'"  *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct.  *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774–76 (6th Cir. 2008).  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Wilkins*, 512 F.3d at 774.  A federal court may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774–76.

4

(1:13CV1173)

A decision is contrary to clearly established law under 28 U.S.C. § 2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of . . . clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, rather than dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under 28 U.S.C. § 2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528–29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

**IV.  Procedural Barriers to Habeas Review**

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.

(1:13CV1173)

28 U.S.C. § 2254(b); *see* Baldwin v. Reese, 541 U.S. 27 (2004).  A petitioner satisfies the exhaustion requirement when he presents his claims to a state supreme court for review of his claims on the merits.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994); Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990).

A claim is properly exhausted, when it has been "fairly presented" to the state courts.  *See* Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009); Frazier v. Huffman, 343 F.3d 780, 797 (6th Cir. 2003).  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.  Wagner, 581 F.3d at 414.  In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question, (2) relied upon federal cases employing the constitutional analysis in question, (3) relied upon state cases employing the federal constitutional analysis in question, or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law."  *See* Hicks v. Straub, 377 F.3d 538, 553 (6th Cir. 2004) (quoting McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000)).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court.  Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court.  *Id.*  This does not mean that the

(1:13CV1173)

petitioner must recite "chapter and verse" of constitutional law, but he is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 415.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir.1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

To determine if a claim is procedurally defaulted, a court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule, (2) whether the state courts actually enforced the state procedural sanction, and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can

(1:13CV1173)

demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 751. If a petitioner fails to show cause for his procedural default, the court need not address the issue of prejudice. See Smith v. Murray, 477 U.S. 527 (1986).

A federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they had not been exhausted or because they are procedurally defaulted are not cognizable on federal habeas review.

## V. Discussion

The Court reviews *de novo* Petitioner's objection to the magistrate judge's recommendation regarding his alleged Fourth Amendment violation. The petition states:

> Standing alone an anonymous tip provided [to] the police that identifies an individual and his residence, and which accuses him by name of firing shots from his residence with an AK-47, and claims that a body was inside, was insufficient to justify a warrantless entry and search under the "exigent circumstances doctrine."

ECF No. 1, PageID #: 5. Petitioner argues the evidence obtained from his residence on November 16, 2010 was the result of an unconstitutional search and seizure. Respondent argues Petitioner was afforded an opportunity to fully and fairly litigate his Fourth Amendment claims and, therefore, habeas review is foreclosed under Stone v. Powell, 428 U.S. 465, 494 (1976).

Generally, a writ of habeas corpus cannot be granted on the ground that a petitioner's Fourth Amendment rights were violated if the petitioner had an opportunity to present the claim in state court. See id. at 482. The Sixth Circuit has held that determining whether a petitioner has had "an opportunity for full and fair litigation of a Fourth Amendment claim" demands a two-step inquiry by the district court. Riley v. Gray, 674 F.2d 522, 526 (6th Cir. 1982). First, the

(1:13CV1173)

district court "must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim." *Id*. at 526. Second, the court "must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id.* As the magistrate judge points out, the Sixth Circuit more recently stated that "the *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Enyart v. Coleman*, 29 F.Supp.3d 1059, 1087 (N.D. Ohio Jul. 11, 2014) (discussing and quoting *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013)).

In the instant matter, Ohio Criminal Rule of Procedure 12(C)(3) allows defendants to file motions to suppress evidence prior to a trial, fulfilling the first step of the *Riley* inquiry. As the magistrate judge detailed, the trial court allowed Petitioner to litigate his Fourth Amendment claim in his pretrial motion under Ohio R.Crim.P. 12(C)(3), the subsequent suppression hearing, and in his direct appeal. The record lacks any indicia that Petitioner's Fourth Amendment claim was frustrated by a failure of Ohio's procedural mechanism, fulfilling the second step of the *Riley* inquiry. *See, e.g.*, *Pierce v. Bunting*, Case No, 1:12CV02561, 2014 WL 5517256, *7 (N.D. Ohio Oct. 31, 2014). Petitioner was able to appeal the trial court's denial of his motion to the Eighth District Court of Appeals and to the Supreme Court of Ohio. Petitioner subsequently filed a writ of certiorari and a rehearing on the denial of the writ. Although Petitioner never received a ruling in his favor, he was afforded multiple opportunities to litigate his claim.

(1:13CV1173)

Petitioner argues that the state court ruling was unfair and egregious. He contends that an unreported Sixth Circuit case, *Abdul-Mateen v. Hofbauer*, 215 F.3d 1325 (6th Cir. 2000) (table), created an exception to the procedural bar created by *Powell* if the state court committed "egregious error" in applying Fourth Amendment principles. In *Abdul-Mateen*, however, the Sixth Circuit denied the petitioner's Fourth Amendment claim and stated that any egregious error exception "is not meant to be a case by case review of state court determinations." *Id.* at 3; *see also Riley*, 674 F.2d at 526 ("We believe that a limited inquiry into the correctness of state court decisions, occurring as a matter of course in the district courts, would be inconsistent with *Stone*") (citing *Stone*, 428 U.S. at 493 n. 35).

Petitioner also cites to a case from the Southern District of West Virginia that held that the "full and fair litigation" analysis in *Stone* did not serve as a bar to a merits review under AEDPA. *Carlson v. Ferguson*, 9 F.Supp.2d 654 (S.D. W.V. Mar. 16, 1988). Petitioner claims the AEDPA trumps the holding of *Stone*. Not only is *Carlson*[1] from a different circuit and not binding, federal courts in Ohio and other circuit courts have disagreed with the West Virginia court's analysis and continue to apply *Stone* as good law. *See Shepherd v. Warden, Pickaway Correctional Inst.*, 2011 WL 3664442, *6 (S.D. Ohio May 31, 2011), *report and recommendation adopted*, (rejecting petitioner's claim that Congress overrode *Stone* in enacting the AEDPA amendments); *see also Blevins v. Rogers*, 2010 WL 649097, *2 (N.D. Ohio Feb. 19, 2010) ("The holdings of *Stone* and *Riley* are still valid under the revised habeas standards of

---

[1] The West Virginia District Court nonetheless denied petitioner's Fourth Amendment claim on the merits. *Carlson*, 9 F.Supp.2d at 655-56.

10

(1:13CV1173)

AEDPA"); *Ewell v. Scribner*, 2011 WL 386954, *28-29 (E.D. Ca. Feb. 3, 2011), *affirmed*, 490 F. App'x 891 (9th Cir. 2012) (detailing the cases that continue to apply *Stone* after the enactment of AEDPA and rejecting *Carlson* as a basis for finding that *Stone* was no longer applicable after the enactment of AEDPA).

The foregoing belies any argument asserting that Petitioner did not have an opportunity to fully and fairly litigate his Fourth Amendment claim. Review of Petitioner's claim is foreclosed by *Stone*.

## VI.  Conclusion

For the reasons above, the Court denies Petitioner's petition and adopts the magistrate judge's Report and Recommendation. ECF No. 18. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

 June 30, 2015                          */s/ Benita Y. Pearson*
Date                                    Benita Y. Pearson
                                        United States District Judge

11